UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACQUELINE JACKSON-BROXTON,

Plaintiff,

v.

COMPU-LINK CORPORATION; and
THE SECRETARY OF THE UNITED
STATES DEPARTMENT OF HOUSING
AND URBAN DEVELOPMENT,

Defendants.

Case No. 26-cv-11959

Hon. Denise Page Hood

**ORDER DENYING PLAINTIFF'S EMERGENCY MOTIONS TO MAINTAIN THE STATUS QUO AND TEMPORARILY STAY EVICTION RELATED ENFORCEMENT [ECF NOS. 5 AND 6]**

I.      BACKGROUND

The matter before the Court is Plaintiff Jacqueline Jackson-Broxton's ("Broxton" or "Plaintiff") Emergency Motions to Maintain the Status Quo and Temporarily Stay Eviction Related to Enforcement. [ECF NOS. 5 and 6]

This matter was removed from the Sixth Circuit, County of Oakland, State of Michigan, where Broxton initiated the action seeking equitable and injunctive relief. [ECF No. 1, PageID.4]. Defendant the Secretary of Housing and Urban Development removed this matter to this Court. *Id*. The motion indicates that

1

Broxton has filed this motion because she is facing immediate eviction from her residence and will be displaced from her home. [ECF No. 6, PageID.216].  It is noted that Broxton previously filed a Motion for Temporary Restraining Order before the Oakland County Circuit Court, which was denied on April 29, 2026.  [ECF No. 1, PageID.11]  Essentially, Broxton is seeking a reconsideration and/or review of the Circuit Court's Order denying the Motion for Temporary Restraining Order.

## II.   ANALYSIS

Plaintiff filed this temporary injunctive relief under Fed. R. Civ. P. 65(b). A temporary restraining order may be issued under Rule 65(b):

> (1)   *Issuing Without Notice.*   The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney *only if*:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).  A temporary restraining order expires in 14 days after entry, unless the court extends the order, for good cause, for a like period, or if the adverse party consents to a longer extension.  Fed. R. Civ. P. 65(b)(2).

"The Supreme Court has stated that the Rule 65(b) restrictions 'on the availability of ex parte temporary restraining orders reflect the fact that our entire

jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute.'" *Reed v. Cleveland Bd. of Educ.*, 581 F.2d 570, 573 (6th Cir. 1978) (quoting *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 439, (1974)). There are two circumstances which would justify the Court proceeding ex parte on a motion for temporary restraining order without notice under Rule 65(b)(1): (1) where notice to the adverse party is impossible; and (2) in more limited circumstances, where "notice to the defendant would render fruitless further prosecution of the action." *First Tech. Safety Sys., Inc. v. Depinet*, 11 F.3d 641, 650 (6th Cir. 1993). Also, "[t]he Supreme Court clarified that the law requires plaintiffs seeking preliminary relief to demonstrate that irreparable injury is likely in the absence of an injunction." *EOG Res., Inc. v. Lucky Land Mgmt., LLC*, 134 F.4th 868, 885 (6th Cir. 2025) Therefore, "[i]f the plaintiff isn't facing imminent and irreparable injury, there's no need to grant relief now as opposed to at the end of the lawsuit." *Id*. at 885

Broxton failed to make a sufficient showing as required under Rule 65(b) that notice to Defendants is not possible. In fact, Defendants received notice of Broxton's Emergency Motion through the CM/ECF system. [ECF No. 1, PageID.1]. Defendants even attach Broxton's Emergency motion from the state court proceedings. [ECF No. 1, PageID.6]. Broxton has not shown that she is entitled to

3

ex parte relief under Rule 65(b) since she failed to show why notice to the adverse parties is impossible and/or fruitless. Addressing the irreparable injury requirement, it is well-settled that a plaintiff's harm is not irreparable if it is fully compensable by money damages. *Basicomputer Corp. v. Scott*, 973 F.2d 507, 511 (6th Cir. 1992). Here, Broxton claims that the harm is irreparable because eviction and displacement cannot be remedied by monetary damages. This may be true, however, since Broxton is unable to satisfy the notice requirement, the Emergency motion to Maintain the Status Quo and Temporarily Stay Eviction-Related Enforcement is denied. In addition, the Court declines to reconsider and/or review the Circuit Court's Order denying Broxton's Motion for Temporary Restraining Order.

### III. CONCLUSION/ORDER

For the reasons set forth above,

IT IS ORDERED that Plaintiff's Emergency Motions to Maintain the Status Quo and Temporarily Stay Eviction-Related Enforcement **(ECF Nos. 5 and 6)** are **DENIED**.

s/Denise Page Hood
DENISE PAGE HOOD
United States District Judge

DATED: July 13, 2026

4